# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Willie J. Huff #268805 ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> Warden of Lee Correctional ) <br> Institution ) <br> ) <br> Respondent. ) <br> ) | C.A. No.: 8:08-cv-2058-PMD-BHH <br><br><br> **ORDER** |

In this matter, Petitioner Willie Huff ("Huff" or "Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming as grounds for relief that the trial court erred in failing to grant a continuance so he could obtain a second psychiatric evaluation and opinion regarding his mental status, in denying a mistrial based on one juror's pre-trial reading of a newspaper article, and in admitting hearsay evidence. This Petition was filed on May 22, 2008. The record contains the Report and Recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks, made pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge recommends to this court that Respondent's Motion for Summary Judgment, filed on December 19, 2008, be granted for each of Petitioner's grounds. A party may object, in writing, to an R&R within ten days after being served with a copy of the report. Petitioner filed timely Objections to the R&R on June 24, 2009.

## BACKGROUND

Petitioner was indicted in Greenville County, South Carolina for first-degree kidnaping and criminal sexual conduct in May 2000. A jury convicted Petitioner on August 24, 2000 and he was sentenced to life without parole. He was represented at trial by counsel Rodney Richey ("Richey" or "Trial Counsel"). Petitioner appealed the convictions, and was represented on appeal by

Katherine Carruth Link. Petitioner raised the following three issues when filing his final brief to the South Carolina Court of Appeals in February 2002:

> 1. Did the court abuse its discretion in refusing to grant a continuance to enable the defense to obtain an independent evaluation of appellant's mental state?
> 2. Did the court err in refusing the defense request to excuse a juror who had seen inflammatory media coverage of the trial?
> 3. Did the court err in allowing improper bolstering hearsay testimony from a state witness?

In November 2002, the South Carolina Court of Appeals affirmed the convictions in an unpublished opinion, *State v. Huff*, 2002-UP-726 (S.C. Ct. App. Nov. 21, 2002). On January 27, 2003, Petitioner, represented by Wanda Adams, filed an application for post-conviction relief ("PCR") in state court. In his application, Petitioner argued that he was denied psychiatric assistance at the time of his trial and therefore was wrongly found competent to stand trial. Petitioner's amended application at the PCR hearing held on October 23, 2003 also claimed that: (1) a juror who had been exposed to pre-trial media coverage should have been removed from the jury; (2) police failed to read Petitioner his *Miranda* rights prior to taking his confession; (3) Petitioner received ineffective assistance of counsel because trial counsel failed to obtain a psychiatric evaluation and failed to object to the juror remaining on the jury; and (4) appellate counsel also was ineffective for failing to raise the juror issue in the direct appeal. On November 19, 2003, the PCR judge entered an order denying Petitioner's application.

Petitioner then filed an appeal to the Supreme Court of South Carolina. Petitioner's appellate counsel, Aileen P. Clare, filed a *Johnson* petition asking the court to examine whether trial counsel was ineffective for failing to obtain an independent medical examination of Petitioner as the only issue on appeal. On July 26, 2004, Petitioner also filed a *pro se* response. The South Carolina Supreme Court transferred the case to the South Carolina Court of Appeals, and the Court of

Appeals denied the petition on October 5, 2007. Petitioner did not seek further review from the Supreme Court of South Carolina.

Petitioner filed his second PCR application on January 24, 2008. The Petition raised twenty grounds for relief, including several claims of ineffective assistance of counsel, a claim that the trial court erroneously denied a continuance for mental illness, and a claim that Petitioner's prior convictions were used erroneously to "obtain indictment" and in sentencing. On July 11, 2008, the Honorable John C. Few issued a final order dismissing the application as untimely and successive. Petitioner did not appeal. In his amended petition for habeas relief, Petitioner raised the following grounds for relief:

> Ground One: Denied psychiatric assistance at trial.
> 1) Counsel failed to request a second opinion on Petitioner's mental state after initial testimony from doctor stated he was competent to stand trial; and
> 2) Trial Court abused its discretion in refusing to grant a continuance to enable Petitioner to obtain an independent evaluation of his mental state.
>
> Ground Two: Trial Court erred in refusing to grant counsel's motion for a mistrial.
> 1) One juror stated he saw a headline in the *Greenville News* relating to an article about the crimes, but that the article did not cause him to become biased. Defense was denied in moving to dismiss the juror and in moving for a mistrial.
>
> Ground Three: Trial Court erred in admitting bolstering hearsay testimony from a state witness.
> 1) An officer who responded to the scene testified about details that the complaining witness told him. The defense objection three times to the testimony, and the court later sustained the objection.

Respondent filed a Motion for Summary Judgment on December 19, 2008, which the Magistrate Judge recommended granting in full. Under Ground One, the Magistrate Judge determined that because Petitioner had been found competent five times in the past and that Petitioner had presented "absolutely nothing that raises any issue as to insanity," Petitioner has not shown any prejudice from the trial court's denial of his motion for a continuance and had not put forth any evidence that would

have supported an insanity defense. With respect to Ground Two, the Magistrate Judge ultimately determined that Petitioner had failed to overcome the presumption of juror impartiality and had not shown that he was denied a fair trial based on one juror's glance at a newspaper article about the case, as that juror had stated that he could still serve impartially and the standard set forth in *Murphy v. Florida*, 411 U.S. 794 (1975) found that media exposure does *not* create a presumption that a defendant's due process right will be denied. With respect to Ground Three, the Magistrate Judge dismissed the claim after finding that hearsay evidence generally remains a matter of state law not cognizable in a habeas action, and Petitioner failed to allege that admission of the evidence violated a constitutional right. The Magistrate Judge recommended Summary Judgment in favor of Respondent.

Petitioner filed this Objection on July 24, 2009.

## **STANDARD OF REVIEW**

**A.      Magistrate Judge's R&R**

The Magistrate Judge's R&R serves as only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 269 (1976). This Court reviews de novo the portions of the R&R to which specific objections are made. The Court may accept, reject or modify, in whole or in party, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1)(C). In analyzing the portions of the R&R to which no specific written objections are made, the Court "need not conduct a de novo review, but must instead only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.

4

2005). After a review of the entire record, the R&R, Petitioner's Petition and his Objections, this Court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the Court adopts the R&R and fully incorporates it into this Order.

**B.      Legal Standard for Summary Judgment**

To grant a motion for summary judgment, the Court must find that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must determine if there is a genuine issue for trial, rather than partaking in weighing the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof." *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg,* 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is an important mechanism for weeding out "claims and defenses [that] have no factual bases" and is not a "disfavored procedural shortcut." *Celotex*, 477 U.S. at 327.

5

**DISCUSSION**

I.      Petitioner's Objections to the Magistrate Judge's R&R

This Court notes that Petitioner has failed to make any specific objections to the R&R as required by 28 U.S.C. § 636(b)(1). Petitioner's Objection recites the same arguments made in his Petition, which were rejected by the Magistrate's R&R. This Court has previously held that, "it need not conduct a de novo review of objections presented in this form, as these objections never cite specific conclusions of the R&R that are erroneous." *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005) (citing *Hernandez Payero v. Puerto Rico*, 338 F. Supp. 2d 279, 281 (D.P.R. 2004) ([D]efendant's objection simply restates the arguments that the Magistrate Judge already considered. Under this premise, he cannot expect the Court to treat the filing seriously."); *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) ("It is improper for an objecting party to attempt to re-litigate the entire content of the hearing before the Magistrate Judge by submitting papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge."); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992); *see also Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F. Supp. 2d 32, 34 (D.P.R. 2004) ("Although [the plaintiff] has identified the portions of the Report and Recommendation to which she objects, this Court finds that most of [p]laintiff's objections are an exact duplicate of her Opposition [memo] . . . In light of this hurdle, the Court should not even consider [p]laintiff's objections . . .").

This Court has reviewed the Magistrate Judge's R&R and is satisfied that the Magistrate Judge rightly determined that Petitioner has no claim for relief under § 2254.

A. *Petitioner's Apparent Objection that the Magistrate Judge Erred in Denying a Continuance So Petitioner Could Receive a Second Mental Health Evaluation, as well as Present Evidence of A Mental Defect*

Petitioner argues that his South Carolina Department of Corrections records support his insanity defense and his mental health records should have been submitted to the trial court. Petitioner's Objection also cites "Tamo Reyes" for the assertion that Petitioner "is entitled to a evidentiary hearing and psychological testing by expert with assistance of counsel." Petitioner provided no citation or further description of the "Tamo Reyes" case. This Court was unable to find any "Tamo Reyes" case, but located *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992). In that case, the United States Supreme Court held that a respondent is entitled to a federal evidentiary hearing if he can show cause for his failure to develop the facts in the state-court proceedings, and actual prejudice resulting from that failure, or if he can show that a fundamental miscarriage of justice would result from failure to hold such a hearing. *Id*. at 11-12. However, Petitioner fails to recognize the vastly different facts that separate *Tamayo-Reyes* from his case.

In *Tamayo-Reyes*, the respondent, a Cuban immigrant with little education and no knowledge of English, sought an evidentiary hearing in federal court after arguing that his guilty plea had not been knowingly and intelligently made because his translator had not accurately translated the *mens rea* element of manslaughter. *Id*. at 3. Courts likely would view this language barrier as leading to a higher potential for miscarriage of justice than Petitioner's claim that he is entitled to a federal evidentiary hearing on the issue of his alleged insanity, especially since Petitioner had been found competent in five past mental health evaluations. Similarly, Petitioner has not presented any evidence that can "show cause" for his failure to develop the facts of his insanity defense in state court proceedings. Furthermore, despite Petitioner's assertion, *Tamayo-*

7

*Reyes* contains no references to psychological testing and does not mandate psychological testing by expert with assistance of counsel. The Magistrate Judge also cited the trial court's notation that Petitioner had been given an opportunity to present any evidence of his insanity, but presented "absolutely nothing that raise[d] any issue of insanity." Because Petitioner did not put forth any evidence in his habeas action that would have supported an insanity defense, the Magistrate Judge found that Petitioner has not shown any prejudice from the trial court's denial of his motion for a continuance. Therefore, the Magistrate Judge correctly held that Petitioner's claim is without merit and summary judgment should be granted to Respondent on this element.

B.  *Petitioner's Apparent Objection that the Magistrate Judge Erred in Finding that the Jury Was Impartial, Even Though A Juror Had Seen a Newspaper Headline Referencing the Case*

Petitioner does not make specific objections in detail to the Magistrate Judge's recommendation on this claim, and simply restates that the reading of a newspaper headline by a juror led to an impartial jury under the Sixth and Fourteenth Amendments. The Magistrate Judge's recommendation did find that, under the Sixth and Fourteenth Amendments, a criminal defendant is guaranteed a trial by an unbiased jury. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 551 (1976). However, Petitioner never provides evidence that one juror's glance at a newspaper headline (the juror did not even read the article in question) pertaining to the case caused the juror to become biased in a way that would infringe upon Petitioner's rights. The Magistrate Judge's recommendation found that jurors frequently are exposed to pretrial information from the news media regarding the alleged crime, but such exposure does not create a presumption that the defendant's due process rights have been violated. *See Murphy*, 411 U.S. at 794. The juror in question stated that the newspaper headline did not impede upon his impartiality, and Petitioner has

not provided any evidence that the juror was biased even though the Fourth Circuit has held that "it is the defendant's responsibility to demonstrate a strong possibility of jury bias." *Wells v. Murray*, 831 F. 2d 468, 472 (4th Cir. 1987). Therefore, without any evidence presented by Petitioner that the newspaper headline caused the juror's bias, Petitioner's claim is without merit and the Magistrate Judge correctly held that summary judgment should be granted to Respondent on this element.

C. *Petitioner's Apparent Objection that the Magistrate Judge Erred in Not Correctly Applying State Law Hearsay Rule*

Similarly to Ground Two, Petitioner is vague in objecting to the Magistrate Judge's recommendation on this ground and only states that "state law hearsay Rule 803 violated the Petitioner right to confrontation" under the Sixth and Fourteenth Amendments. It seems as though Petitioner is alleging that the trial court should not have allowed Officer Nelson's testimony about his interaction with the victim when he stated that he found her visibly upset, disheveled and crying extensively. The trial court allowed the testimony under South Carolina Rule of Evidence Rule 803(d), which provides an exception to the hearsay rule for excited utterances, which allows for hearsay evidence to be admitted as testimony when a victim shares information while under the immediate influence of an assault . However, the Magistrate Judge's R&R did not analyze the basis for the trial court's action. Instead, the R&R found that the issue is a matter of state law and is not cognizable in a habeas action because relief is only available to petitioners who are in "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Fourth Circuit has held that evidentiary rulings are generally considered state law matters. *Spencer v. Murray*, 5 F.3d 758, 763 (4th Cir. 1993). Because Petitioner failed to allege that the admission

9

of the evidence violated a federal constitutional right or rendered the trial so fundamentally unfair as to violate due process, the Magistrate Judge was correct in finding that the admissibility of evidence under the state law ruling should not be reviewed by a federal habeas court. Therefore, the Magistrate Judge correctly held that Petitioner's claim is without merit and summary judgment should be granted to Respondent on this element.

## CONCLUSION

It is, therefore, **ORDERED,** for the foregoing reasons that Respondent's Motion for Summary Judgment is **GRANTED**, and Petitioner Willie Huff's § 2254 petition for habeas corpus relief is **DISMISSED**.

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**August 13, 2009**